# EXHIBIT 6

3/6/76 THE PEOPLE VS. ANN (NMN) MARLO aka GIFTED ANN
23865 Judge Hardeman - Laine - Williams DA-J. Franklin
DPWC, W. Hodson, entering his appearance. Defendant acknowledges receipt of Information and requests Deferred Sentencing in this matter in combination with Criminal Action #23715 against same Defendant. Court reduces bond to $2,000; advises Def of rights and orders investigation by Probation Department. At Defendant's request, continued to 9/3/76 at 9:00 for receipt of PSIR and/or ruling on request for Deferred Sentencing. Def remanded to custody of Sheriff.

8/11/76 THE PEOPLE VS. ANN (NMN) MARLO aka GIFTED ANN
23865 Judge Hardeman - Williams
Court continues receipt of PSIR and/or ruling on request for Deferred Sentencing to 9/10/76 at 9:00 a.m. Continuance date of 9/3/76 vacated.

23865 PEOPLE vs ANN MARLO
9/10/76 HARDEMAN-Laine-Potter W. Hodson DDA J. Franklin
Div 5 DPWC, Hodson. Def withdraws plea of not guilty and tenders plea of guilty. Effects & consequences explained. Persists. Plea entered. Deferred sentencing granted and cont to 8/4/78 @9:00 a.m. Bond discarged. (Matter of rent to come 10/1/76 @ 9:00 a.m.)

8/3/78 PEOPLE VS ANN MARLO aka GIFTED ANN
23865 HDH-Potter
Def having completed supervision, Court orders Plea of Guilty withdrawn and all proceedings against Def dismissed with prejudice. (See signed Order) Next appearance of 8/4/78 vacated. FINAL

vs.

ANN MARLO aka GIFTED ANN

FILED IN DISTRICT COURT
EL PASO COUNTY, COLORADO

MAY 20 1976

# INFORMATION

ROBERT L. RUSSEL, District Attorney for the Fourth Judicial District of the State of Colorado, in the name and by the authority of The People of the State of Colorado, informs the Court:

That on or about the Between the 16th day of October 1975 and 4th day of May 7, 1976, in the County of El Paso, Colorado ANN MARLO aka GIFTED ANN

did unlawfully and knowingly commit the crime of theft by unlawfully and feloniously taking a thing or things of the value of Two Hundred Dollars ($200.00) or more, to-wit: U. S. Currency of CORINE JANE LAND, In violation of Colorado Revised Statutes 1973 as amended, 18-4-401, Theft (By Deception) Felony;

In ~~violation of Colorado Revised Statutes 1963, as amended~~

and against the peace and dignity of The People of the State of Colorado.

ROBERT L. RUSSEL, District Attorney

By [signature] 4990

**STATE OF COLORADO,**
**County of El Paso**

**AFFIDAVIT**

WILLIAM D. WAY, a credible person, being first duly sworn, on oath says that he has personal knowledge that the offense or offenses charged in the foregoing information was or were committed,

X

Subscribed and sworn to before me this 19 day of May, 1976..

Judge, District Court

People's Witnesses:

RICHARD H. SCHNACKENBERG
EDWARD J. RODGERS, JR.
DAVID RAGAN
GARY THOMPSON
DISTRICT ATTORNEY'S OFFICE
OREN E. BOLING
WAYNE R. ANDERSON
CHARLES M. JENSEN
DWIGHT HAVERKORN
ERNIE ADAMS
SAN MCCLEARY
Colorado Springs Police Dept.
CORDELL BROWN
MARION KAMEN
DENNIS J. TORRACO
RICHARD B. LEHMANN
TED A RITTER
DEBBIE ARAGON
TOM NETWAL

THOMAS KOSLEY, JR.
JOSEPH L. O'DONNELL
MICHAEL BOUCHARD
HARRY GREENMAN

JOSEPH WOOD
RONALD W. O'CONNELL
RICHARD M. SMITH
WILLARD HEATHERLY
WILLIAM WAY
JOHN B. CLARK

JINX L. HEATH ROBINSON
MOOL VERMA
TED DEVALIS
CLAUDE W. COOK
KERRY LANDORF
DOROTHY DEAN

Colorado Bureau of Investigation, Denver, CO

DANIEL E. CASEY
JUNIOR DAVID WAY
DALE L. PURCELL
JOHN S. LOCKWOOD
JUNE D. TAYLOR
REYNOLD L. GENTZEL

JOHN F. DAHLMAN
LOWELL TRULL
CURTIS DYSON
DOCK PHELPS
EDWARD T. MAITLAND
MELVIN PERSONS

Colorado Springs Police Dept., I. D. Technicians

CORINE JANE LAND — 10888 Mildred, North Glenn, CO
CAROLYN MATHEWS — 1308 Main Street, Security CO
SHIRLEY ANN ROSO — 536 Potter Drive, C. Spgs.
JACQUELYN EILEEN VOSE — 1001 Westmoreland Drive, C. Spgs.
JUDY IRENE SCHREIBER — 1925 Kodiak Drive, C. Spgs.
RONALD L. DAVIS — 3254 Paseo Road, C. Spgs.

**STATE OF COLORADO,**
**County of El Paso** } ss.

I, .......... E. MARIE GARDNER ........

Clerk of the District Court within and for the County of El Paso, in the Fourth Judicial District of the State of Colorado, do hereby certify the within and foregoing to be a true, full, correct and complete copy of the Information filed in said Court, in the cause entitled, The People of the State of Colorado against ......................

........................ ANN MARLO aka GETED ANN ........................

Witness my hand and the seal of said Court hereto affixed at my office at Colorado Springs, in the County and State aforesaid, this .................. day of .................. May ......, A. D. 1976 ...

By ... E. MARIE GARDNER ...........

ANN MARLO AKA: GIFTED ANN

(hereinafter referred to as "Defendant"), the undersigned Affiant, being first duly sworn upon oath, deposes and says:

That Affiant has knowledge of the following facts from which there is probable cause to believe.. that the offense hereinafter described was committed by the Defendant as charged in the attached instrument on or about

the 16th day of October, 1975, in the County of El Paso, State of Colorado, to-wit:

May 6, 1976 this affiant was contacted by Officer Samuel L. McCleary regarding a Theft of US currency By Deception.

Officer McCleary stated that he had been contacted by CAROLYN MATHEWS, 1308 Main Street, Security, Colorado. Mrs. Mathews stated that between 10-16-75 and 11-21-75 a palm reader ANN MARLO, also known as GIFTED ANN had taken $5,000 from her mother, CORINE JANE LAND, 10888 Mildred Street, North Glenn, Colorado.

The victim, Corine Jane Land related the following: On 10-16-75 she and her daughter, Carolyn Mathews, did go to the defendants residence, 1916 North Circle Drive, Colorado Springs, Colorado and had their fortunes told. She stated that on 10-17-75 she returned to the defendants residence and stated that the defendant started the session with a prayer. The defendant gave her a piece of string with three knots tied in it and promised that with it three (3) wishes would be granted.

The victim stated that she returned to the defendants house on 10-20-75. The defendant started the session as always with a prayer; The defendant first laid an egg on the table and had her smash it. Once the egg was broken there was a fleshy substance inside, which the defendant said was the devil's head.

The victim was advised by the defendant to go and buy a tomato, take the tomato home, tie it in a handkerchief, put it in her left shoe, and put the shoe underneath the bed and bring it back the next day.

The victim stated that she returned to the defendants residence the next day. The victim stated that again the session started with a prayer, placing the handkerchief on the table between them, with the tomato wrapped up. After the prayer was said, the defendant took the tomato and moved it all over the victim's body, telling her that it was to take the devil out of her body. The defendant then sat the tomato on the table and had the victim hit it. Once it was broken a black substance was inside with worm like creatures which according to the victim looked like a centipede was inside came out of the tomato. The victim stated that the session then ended with a prayer and the tomato was thrown away.

On 10-22-76 the victim stated that she had been advised to bring some money with her to the next session. The victim stated that she had the money and gave it to the defendant who folded it in a criss-cross effect. After a prayer was said a $50.00 bill was burned in the ash tray. As a result the ashes were sprinkled over the remaining money, wrapped in a handkerchief, folded and tied, and she was to keep it in her bra, close to her heart, take it home, wearing it at all times and not to remove it and bring it back the following day.

After she awoke on 10-22-75 she was also advised that she was to face the east and remove the handkerchief, open it and she was she found at which time she found the $50.00 bill

Affiant: William L. Wai[illegible]

POSITION: Police officer City Colo. Spgs.

Subscribed and sworn to before me this 10th day May, 1976.

My commission expires: July 8 1976.

[signature]

Notary Public

ATTACHMENT "A"

and the other denomination of money, being ones, fives, tens, and twenties which she had originally taken. She stated that when she opened the handkerchief, intact was the $50.00 bill and denominations as mentioned.

The victim stated that the defendant had also advised her to being more money.

On 10-23-75 the victim stated that she had withdrawn $1,000.00 from her savings account to take with her to the defendants residence. She stated that she returned on 10-23-75 to the defendants residence and placed the money on the coffee table between herself and the defendant. The victim stated that this moneywas wrapped in a handkerchief. She stated once again the session opened with a prayer. After the prayer was finished, the handkerchief was opened, the bills were folded in a criss-cross manner. A $50.00 bill, and a $100.00 bill were again burned in the ash tray; removing the ashes and sprinkling them over the remaining money, which was again wrapped in a handkerchief and placed in the victims bra and worn close to the heart. She was again advised to open it in the morning, facing the east and she would find the money intact. The victim stated that she did do as she was told and did find the $100.00 bill and $50.00 bill as she was advised that she would. The victim also advised that at this session continual questions were asked about her financial status. She stated that she wasn't telling the truth about the amount of money that she had.

The victim advised that she would have to bring more money, at which time she went home and cashed a certificate for approximately $7,000.00 placing $2,000.00 in a safe deposit box. On 10-24-75 the money was returned, approximately $4,770.00 as best as the victim could recall, and the sessions began as before, placing the money on the card table between the two in a handkerchief, started by a prayer, and after the prayer the money was counted. The victim stated that on the session on 10-24-75 the victim was asked if her husband had ever done a-y fast driving in a vehicle and that the reason being was that someone close to her was going to die. At the end of this session the victim was advised to bring a live chicken to the session on 10-25-75, along with the money to sacrifice.

On 10-25-75 the session started by counting the money and leaving the room for a short period of time, returning with approximately $3,000.00 of her own money, advising the victim that $5,000.00 was not enough that the defendant would have to add some of her own money in good faith because she normally could not do this sacrifice for less than $10,000.00. The victim then stated that after tying the money up in a handkerchief she placed newspapers on the victims lap, made her hold the chicken, then made her open the chicken's mouth and spit into the chicken's mouth five (5) times. The victim stated that she could not spit into the chicken's mouth becuase of dryness of the mouth. She stated that the sister-in-law to the defendant retrieved her a glass of water to enable her to spit into the chicken's mouth. The victim stated that after spitting into the chicken's mouth five times the chicken was dazed and possible dead, but during all of this the defendant was compressing on the chicken attempting to drive the devil out of the body; supposedly this was what was told to the victim by the defendant. The victim stated that according to the defendant that was not enough because the chicken was not dead. The defendant stated to the victim that the money would have to be sacrificed also.

The victim stated that she placed the money into a black pot and it was set on fire, but would not burn. She was advised to turn around to the table behind her and get a match. She stated that she turned around to get the large wooden match, similar to one you would use to light a fireplace with. The victim did as she was advised. She stated that the substance that was burned in the metal pot was charred, but was not completely burned. It was wrapped in a handkerchief. She stated that the remains of the chicken were placed into a cardboard box, along with the remains of the money; then the victim was advised that she would have to do one more chore before the completion of the sacrifice was done. The defendant advised the victim that she would have to take the remains of the chicken and the money to a cemetary and burnit, at which time she would be met by several saints who would

speak to her in different languages, and she would have to answer their questions. The victim then stated at this point she advised the defendant that she could only speak one language, and that was the English language. At this time the defendant volunteered her services to take the cardboard box and the remainder of the chicken and money and bury it for her and the defendant would speak to the saints for the victim.

After this session the victim was advised that she would have to return on 10-27-75 to see what the saints had to say. The victim stated that she did return on 10-27-75 to the residence of the defendant and was advised that the saints and the money were gone and wouldn't be given back. The victim stated that she asked the defendant why her money would not be returned as she was earlier told that her money would double or possibly even triple and that the defendant had told her that sometimes the money has to be sacrificed as money is sometimes the root of all evil.

At this time the victim stated that she was adivsed by the defendant to go to King Soopers and buy a list of grocery items which was given to the victim by the defendant. The victim stated that she did go and purchase 15 pounds of coffee and 15 pounds of sugar. The victim could not remember what other items she purchased. She did relate that the total bill was approximately $40.00. She stated that when she returned to the defendants residence she placed these groceries in the corner of the room where the sessions were held.

The victim stated that approximately 2 weeks lapsed from this date before the next contact with the defendant. During that 2 week period the victim stated that her daughter Carolyn Mathews was involved in an accident involving injuries. She stated that she called the defendant at her home and asked her about the money at which time she was advised not to talk about the money by phone and she would be in contact with her because she had other clients in the Denver area and she would meet her there.

The victim stated that about November 21, 1975 she made contact with the defendant at 104th Avenue in Morth Glenn. She stated that the defendant had brought her a medal of St. Jude Thaddeus and had given it to her. She advised to put it on the charm bracelet for good luck. The defendant was asked about her daughter and her well being and the victim stated then she told the defendant about her daughter and that she had been in a serious accident, but had been released from the hospital. The victim said that the defendant then stated, "See, the sacrifice of the money and the chicken were all accepted because your daughter's life was spared." She then stated, "So quit worrying about your money because it is gone for good and you can't get it back."

The victim stated because of the accident and the fact that her daughter was alive even though injuries had been sustained she felt that because the defendant had known someone would be in a serious accident or die that what the defendant had told her had all been the truth and what she was saying had come true. She stated that she was not about to tell anyone about deception due to martial problems resulting from same, until she was advised by her daughter that the defendant in this case had been arrested previously for Theft, Felony for $32,000.00 and at that point she became suspicious enough to talk it over with her daughter. As a result the daughter had in fact gotten in tough with Officer McCleary regarding this case.

[illegible] Of Colorado
[illegible] Of El Paso
[illegible] And Sworn Before Me:
[illegible] 10th Day Of May 1976
[illegible] Public [illegible]
My Commission Expires July 8 1976

Affiant William D. Way
POSITION: Police officer Colo. Spgs. Police Dept.

FILED IN DISTRICT COURT
EL PASO COUNTY, COLORADO
MAY 20 1976

# 23865
Marlo

This case should be assigned to Division 6 because Criminal Action No. 23715 is an ACTIVE CASE (filed within past 90 days) AGAINST THIS SAME DEFENDANT and was assigned to that Division.

RECEIVED
DIVISION 6
AUG 11 1976

EL PASO COUNTY, COLORADO
AUG 12 1976
E. MARIE GARDNER
CLERK

IN THE DISTRICT COURT WITHIN AND FOR THE
COUNTY OF EL PASO AND STATE OF COLORADO
Criminal Action No. 23865
Division No. 6

| | |
|---|---|
| PEOPLE OF THE STATE OF COLORADO, Plaintiff, vs. ANN MARLO, a/k/a GIFTED ANN, Defendant. | STATEMENT OF COUNSEL |

COMES NOW Wayne C. Hodson, attorney for Defendant herein, and in regard to the delay in filing application for deferred sentencing on behalf of the Defendant states to the Court as follows:

1. On Friday, August 6, 1976, attorney for Defendant stated in open Court that he would submit to the Court an application for deferred sentencing before noon on Friday, August 6, 1976.

2. Attorney for Defendant moved his office from 622 South Tejon to 722 South Tejon on Friday, August 6, 1976, in an emergency situation due to a leaking roof.

3. In the confusion of the move, counsel failed to obtain the signature on said application of Defendant and has forwarded the application to her and will file it with the Court immediately upon its return.

Respectfully submitted,

[signature]

WAYNE C. HODSON #4432
Attorney for Defendant
722 South Tejon
Colorado Springs, CO 80903
473 8614

CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing instrument to the District Attorney's office, this 10th day of August, 1976.

[signature]

WAYNE C. HODSON
ATTORNEY AT LAW
622 S. TEJON

CRIMINAL ACTION NUMBER 23865 Div #6

FORM 5743 SHERIFF'S RECOGNIZANCE CENTER PRINTING CO. COLORADO SPRINGS

STATE OF COLORADO,
County of EL PASO } ss.

FILED IN DISTRICT COURT
EL PASO COUNTY, COLORADO
AUG 13 1976
E. MARIE GARDNER
CLERK

This Day Personally appeared before the undersigned, MARION M. SHIPLEY

Sheriff in and for said County, ANN MARLO AKA GIFTED ANN as principal and TWO THOUSAND and U S CURRENCY as sureties and jointly and severally acknowledged themselves to owe and be indebted unto the People of the State of Colorado, in the sum of TWO THOUSAND ($2000.00) Dollars, to be levied of their goods and chattels, lands and tenements, if default be made in the premises and conditions following, to-wit:

Whereas, On the 20th day of May, A. D. 19 76, an Information for Theft (By Deception) Felony 18-4-401 was filed in the District Court in and for the County of El Paso and State aforesaid, by Robert L. Russel Esquire, District Attorney of the 4th Judicial District of the State of Colorado (of which said Judicial District the County aforesaid is a part), by ............ Esquire, the duly appointed, qualified and acting Deputy District Attorney of said District in and for the County aforesaid, and whereas it was ordered by said Court that he might give bond in the sum of Two Thousand (2000.00) Dollars for her appearance to answer such charge in accordance with the statute in such case made and provided. Now the condition of this recognizance is such, that if the above bounden Ann Marlo AKA Gifted Ann shall personally be and appear before the District Court in and for the said County of El Paso now being holden in the Court House in Colorado Springs, Colorado in said County, on the 9th day of September @9AM A. D. 19 76, and from day to day and from term to term, and from day to day of each term thereafter, and not depart the same without leave, until the final sentence or order of the Court, then and there to answer to the said People of the State of Colorado on the said Information, and then and there to abide such final sentence or order of said Court, then and in that case this recognizance to become void; otherwise to be in full force and virtue.

As witness our hands and seals, this 6th day of August A. D. 19 76

Taken, entered into and approved before me this 6th day of August 19 76

MARION M. SHIPLEY

Sheriff of El Paso County

By GARY D. GIBBS Under Sheriff

ANN MARLO GIFTED ANN (Seal)

ANN MARLO AKA GIFTED ANN

CAH APPEARANCE BOND (Seal)

(Seal)

STATE OF COLORADO,
County of El Paso } ss. ........................................................and

Cash Appearance Bond- Two Thousand Dollars ($2000.00)........................the sureties whose names are subscribed to the above undertaking, being severally duly sworn, each for himself says: That he is a resident within the said El Paso..........................County and that he is worth the sum specified in the said undertaking as the penalty thereof, over and above his just debts and liabilities in property not by law exempt from execution in this State.

CASH APPEARANCE BOND
..........................................................................

..........................................................................

Subscribed and sworn to before me, this 6th day of August, A. D. 19 76

Robert H Spann
..........................................................................

NOTARY PUBLIC

My Commission Expires Feb. 13, 1979

No..................

Sheriff's Recognizance

COURT

The People of the State of Colorado,

vs.

Information for..................

..................Term, 19..........

Recognizance - - - - $..........

Sheriff's Costs - - - - $..........

Filed in the..................Court this..........

day of..................., 19..........

IN THE DISTRICT COURT WITHIN AND FOR

THE COUNTY OF EL PASO AND STATE OF COLORADO

Criminal Action No. 23865
Criminal Action No. 23715
Division No. VI

FILED IN DISTRICT COURT
EL PASO COUNTY, COLORADO
Aug 25 1976
E. MARIE GARDNER
CLERK

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF COLORADO, Plaintiff, | ) | |
| vs. | ) | MOTION AND APPLICATION FOR DEFERRED SENTENCING |
| ANN MARLO aka GIFTED ANN, Defendant. | ) | |

COME NOW, the People of the State of Colorado, by and through James M. Franklin, Deputy District Attorney, and the Defendant, Ann Marlo aka Gifted Ann, and pursuant to C.R.S., 1973 as amended, 16-7-403, hereby request that the Court grant the Defendant deferred sentencing upon her plea of guilty in Criminal Action No. 23865, on the charged offense of Theft by Deception, said deferred sentencing to continue for a period not to exceed two (2) years. Defendant hereby agrees to be bound by the following conditions of deferred sentencing and understands and agrees that upon a breach of any of the following conditions, or any additional conditions imposed by the Court, that the Court shall enter judgment and impose sentence upon the plea of guilty pursuant to the provisions of C.R.S., 1973 as amended, 16-7-403(2).

Defendant understands and agrees to the following:

1. That Defendant will report as requested to the probation officer (at least monthly) and shall report promptly any change of residence, employment, or marital status.

2. That Defendant will not change residence from this county without permission of the probation officer and will not leave this state without written permission of a judge of this court.

3. That Defendant's conduct will be that of an upright law-abiding citizen, and that Defendant will not violate any city ordinance or criminal law of this or any other state, or of the United States.

4. That Defendant will report promptly to the probation officer any receipt of a summons or warrant or any attempt by law enforcement officers to contact the Defendant.

5. That Defendant will pay all costs of this action, including supervision fee, restitution, sheriff's costs, support, or any other costs assessed by the Court or the probation department as required by the Court and/or the probation officer. Defendant also agrees that these amounts shall be paid into the registry fund of the Court through the adult probation department.

6. That Defendant will comply with all future orders of the Court made in this matter and with all requests of the probation officer made relative to this supervision, including those in the attached instructions form.

7. That Defendant will make restitution immediately upon the granting of deferred sentencing.

Dated this 24 day of August, 1976.

I have read the foregoing Motion and Application for Deferred Sentencing, and agree to be bound by the provisions as set forth therein.

APPROVED:

X ANN Marle
Defendant

James M. Franklin #6358
Deputy District Attorney

Attorney for Defendant

SO ORDERED this _____ day of ______________, 1976.

______________________________
District Court Judge

FILED IN DISTRICT COURT
EL PASO COUNTY, COLO.

SEP 1 0 1976

E. MARIE GARDNER
CLERK

THE PEOPLE OF THE STATE OF COLORADO

vs

MARLO, ANN (NMN)
Defendant

ORDER FOR DEFERRED SENTENCING

This matter coming to be heard on application for Deferred Sentence of Ann (NMN) Marlo.

It is hereby Ordered by the Court that on the defendant's written Stipulation and Agreement, Deferred Sentence (pursuant to CRS 1973, as amended, 16-7-403, is granted.

The general conditions of supervision are as follows:

1. You shall report, as requested, to the Probation Officer (at least monthly) and shall report promptly any change of residence, employment, or marital status.

2. You shall not change your residence from this County without permission of the Probation Officer and shall not leave the state without written permission of a Judge of this Court.

3. You shall conduct yourself as an upright, law-abiding citizen and shall not violate any city ordinance, criminal law of this or any other state, or of the United States.

4. You shall promptly report to the Probation Officer your receipt of any summons or warrant or any attempt by law enforcement to contact you.

5. You shall pay all costs of this action, including supervision fee, restitution, Sheriff's costs, support or any other costs assessed by the Court or Probation Department as required by the Court and/or Probation Officer. These amounts shall be paid into the Registry Fund of the Court through the Adult Probation Department.

6. You shall comply with all future Orders of the Court, made in this matter and with all requests of the Probation Officer made relative to this supervision including those in the attached instructions form.

Any violations of the Supervision Order, instructions or requests of the Probation Officer or other failure to comply with same shall be sufficient cause for a hearing before the Court in allegations of violation of supervision, and further appropriate proceedings.

Continued for further disposition for two years or any time prior thereto as the Court may allow you to withdraw your previous tendered plea of guilty and the case against you shall be forthwith dismissed with prejudice.

DONE IN OPEN COURT THIS 10th day of September, 1976.

BY THE COURT:

[signature]

Court No. [illegible] Probation No. ______

NAME ______ MARLO, ANN (NMN) ______

ADDRESS ______
City & State Phone

You are instructed to follow all orders of Court, as SET OUT IN THE SUPERVISION ORDER, PLUS THE FOLLOWING SPECIAL CONDITIONS:

Financial obligations in your case(s) are:

| | |
|---|---|
| Court costs.................... | $ 15.00 Paid |
| Supervision Fee............... | $ 10.00 |
| Fine........................ | $ ______ |
| Restitution .... Paid ........ | $ ______ |
| Other (specify)............... | $ ______ |
| Total....... | $ ______ |
| Support...................... | $ ______ |

Any or all of the above amounts are subject to adjustment by further order of the Court or the Chief of Adult Probation. Your payments are to be not less than $______ per ______ beginning ______ 19____.

In addition to the conditions set out in your Supervision Order, you are instructed to:

______

Your case is assigned to ______, Probation Officer. You shall report to him as he instructs, beginning once a week on the ______ day of ______ 19 76.

In addition to the above named Probation Officer, your case has been assigned to

______
Name (Case Aide) Phone

In the event your case is assigned to another Probation Department, you shall report as that department so instructs. You are required to contact the ______ Probation Department, Mr. ______, Chief, at ______, on ______ 19____.

On your first reporting day of each month you are required to fill out completely a "Monthly Report Form" that is available in the reception area, prior to contacting your Probation Officer.

---

I have received, read and discussed with an officer of the Adult Probation Department the Supervision Order and this Instruction Sheet, both of which I understand and agree to in their entirety.

Defendant does not write

Bob Johnson
Probation Officer

Ann Marlo
Signature

9-10-76
Date

CRIMINAL ACTION NO: 23865

FILED IN DISTRICT COURT
EL PASO COUNTY, COLORADO

SEP 14 1976

E. MARIE GARDNER
CLERK

THE PEOPLE OF THE STATE OF COLORADO )
)
vs. ) ORDER
)
MARLO, ANN (NMN) )

WHEREAS, the defendant in the above action entered a plea of Guilty final judgment and sentence was entered, and probation was granted on 9-10-76.

WHEREAS, the Order of Probation requires that full restitution be made on an amount approved by the Court and on payments as requested by the Chief Probation Officer.

WHEREAS, the entire amount Ordered to be paid into the District Court Registry Fund by the defendant has been paid into the said Fund.

IT IS THEREFORE ORDERED ADJUDGED AND DECREED that the Clerk is hereby directed to pay out of this account the monies collected by drawing checks payable as follows:

Corine Jane Land $ 5,000.00
10888 Mildred
Northglen, Colorado 80233

DATE 9-10-76

Judge
HUNTER D. HARDEMAN

PROBATION OFFICER BJ

STATE OF COLORADO )
)
COUNTY OF EL PASO )

IN THE DISTRICT COURT

FOURTH JUDICIAL DISTRICT

NO: 23865

FILED IN DISTRICT COURT
EL PASO COUNTY, COLORADO
AUG 9 1978
E. MARIE GARDNER
CLERK

THE PEOPLE OF THE STATE OF COLORADO )
Plaintiff )
)
vs. ) ORDER
)
MARLO, ANN (NMN) )
Defendant )

This matter coming on to be heard by the Court upon the report of the probation officer that the above named defendant has successfully completed the terms of supervision as required by the Stipulation and Agreement and Sentence heretofor entered herein;

IT IS THEREFORE ORDERED BY THE COURT that said Ann Marlo be discharged from all supervision, plea of Guilty is withdrawn, and that the proceedings herein against him be dismissed with prejudice.

DONE IN CHAMBERS in Colorado Springs, El Paso County, Colorado, this 3rd day of August , 1978.

APPROVED:

[signature]
District Attorney #6,154

BY THE COURT:

[signature]
Judge Hunter D. Hardeman